UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Civil No.
vs.                                  Honorable
                                     Magistrate Judge

THREE HUNDRED SIXTY FIVE
THOUSAND FOUR HUNDRED
FORTY DOLLARS ($365,440.00)
IN UNITED STATES CURRENCY,    **DEMAND FOR TRIAL BY JURY**

           Defendant
_____/

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, TERRENCE BERG, United States Attorney for the Eastern District of Michigan, and JULIA CAROFF PIDGEON, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.    This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

### THE DEFENDANT IN REM

2.    The Defendant property consists of Three Hundred Sixty Five Thousand Four Hundred Forty Dollars ($365,440.00) in United States Currency (the "Defendant Currency") that agents of the Drug Enforcement Administration ("DEA") seized from Adam Samuel Tracy

in the Detroit Metropolitan Airport on April 28, 2009, and subsequently deposited into the Department of Justice Seized Asset Deposit Fund maintained by the United States Marshals Service.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(j).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and, pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in the Eastern District of Michigan.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to this forfeiture action occurred in this district, and, pursuant to 28 U.S.C. § 1395 because the action accrued in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. The facts supporting this evidentiary determination include, but are not limited to, the following:

   a. On April 28, 2009, agents of the DEA received information that Adam Samuel Tracy was traveling from LaGuardia Airport, New York to Detroit Metropolitan Airport via Delta Airlines flight number 545, carrying a large sum of currency in his carry-on luggage.

   b. Upon his arrival in Detroit, DEA agents initiated a police/citizen contact with Mr. Tracy. Agents identified themselves as police officers, both verbally and by displaying official law enforcement credentials. Mr. Tracy agreed to speak with agents regarding his travel plans.

   c. Mr. Tracy confirmed that he had a large sum of cash in his carry-on luggage, then stated that none of the money was his; rather it belonged to a Mr. Frank Michael Schmidt.

   d. Mr. Tracy stated that he is an attorney, licensed in Illinois, and residing in Michigan. He stated he was in New York and was working for a client identified as Mark Jay Apsey, the principal/owner of CNP International a/k/a CNP Akama Ventures, L.L.C. ("CNP"). He stated that the currency in his possession was from Frank Schmidt, principal/owner of Land Reclamation Services based in Joliet, Illinois. Mr. Tracy indicated that Mr. Schmidt was investing the money with CNP.

   e. Mr. Tracy stated that he flew from Detroit to LaGuardia on Monday April 27, 2009. On Tuesday April 28, 2009, Mr. Apsey instructed Mr. Tracy to meet "Chuck" at the corner of 77th and 2nd Street in New York City at 3:00 p.m. Mr. Apsey indicated that "Chuck" would be driving a blue or black Land Cruiser with New Jersey license plates.

   f. Mr. Tracy was at the corner of 77th and 2nd street in New York City on Tuesday April 28, 2009 at approximately 3:00 p.m. when "Chuck" arrived driving a blue or black Land Cruiser. Mr. Tracy had never met "Chuck" before.

   g. Mr. Tracy described "Chuck" as a white male in his fifties. They exchanged greetings and "Chuck" gave Mr. Tracy the black carry-on

3

       suitcase containing the cash.

h.    The currency in Mr. Tracy's possession consisted mostly of $20.00 bills and was indicative of drug trafficking. A canine trained to detect the odor of controlled substances, or their derivatives, alerted positively to the currency seized from Mr. Tracy.

i.    The currency seized from Mr. Tracy was taken to Brinks where it was counted and determined to be equal to $365,440.00. The money was bundled and wrapped in rubber banding. The denominations consisted of $5, $10, $20, $50 and $100's. Several of the bundles contained various mixed denominations and all appeared to be worn from street use. During the process of the money count a counterfeit $20 dollar bill was uncovered by Brinks personnel among the seized currency. These observations indicate that the currency was not obtained from a financial institution like a bank or Brinks facility.

j.    Frank Michael Schmidt's criminal history includes an arrest on March 28, 1997 for Possession of Controlled Substance with Intent to Sell Felony. Mr. Schmidt was found guilty and sentenced to 12 to 36 months incarceration. On May 6, 1999, Mr. Schmidt was arrested after he took possession of a UPS parcel containing 11,793 grams of marijuana that had been shipped from Tucson Arizona. Mr. Schmidt was sentenced to 2 years probation.

## JURY DEMAND

Plaintiff United States of America respectfully requests a trial by jury in this case.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

TERRENCE BERG
United States Attorney

Dated:  September 9, 2009

JULIA CAROFF PIDGEON
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
(313) 226-9772
julia.pidgeon@usdoj.gov

## VERIFICATION

I, Special Agent Ross Roel, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2009

ROSS ROEL, SPECIAL AGENT
United States Drug Enforcement Administration