UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

-vs-

Three Hundred Sixty Five Thousand Four
Hundred Forty Dollars ($365,440.00) in
United States Currency,

    Defendant
_____/

Civil No. 09-13564
Hon. Anna Diggs Taylor
Mag. Judge Michael Hluchaniuk

## CLAIMANT'S ANSWER TO COMPLAINT FOR FORFEITURE IN REM

    Claimant, CNP Akama Ventures ("CNP") through its attorneys, Hertz Schram P.C., by Michael J. Rex, answer Plaintiff's Complaint for Forfeiture in Rem as follows:

    1.    Claimant admits that plaintiff is bringing its action pursuant to Title 21 U.S.C. §881(a)(6) but denies that the allegations are sufficient to state a cause of action under that provision.

    2.    Claimant admits that the property identified in ¶2 of the Complaint has been named as the defendant currency in this case and that the money was seized from Adam Tracy at the Detroit Metropolitan Airport on April 28, 2009. Claimant, however, neither admits nor denies the allegations that the currency was deposited into a fund maintained by the United States Marshall Service for the reason that it is without information sufficient upon which to form a belief and leaves plaintiff to its proofs.

    3.    Claimant admits that generally district courts have subject matter over civil actions commenced by the United States under 28 U.S.C. §1345 and over actions for forfeiture

under 28 U.S.C. §1355(a). Claimant denies that this court has jurisdiction over this particular action under 21 U.S.C. §881(j) for the reason that it is untrue.

4. Claimant denies that this Court has in rem jurisdiction pursuant to 28 U.S.C. §1355(b)(1)(A) for the reason that the Complaint does not set forth any acts or omissions giving rise to forfeiture. By way of further answer, claimant neither admits nor denies the allegation that in rem jurisdiction exists pursuant to 28 U.S.C. §1355(b)(1)(B) for the reason he is without information sufficient upon which to form a belief.

5. Claimant denies that venue is proper pursuant to 28 U.S.C. §1355(b)(1)(a) for the reason that the Complaint fails to allege any acts or omissions that give rise to forfeiture. Claimant neither admits nor denies that venue is proper pursuant to 28 U.S.C. §1395 for the reason that it is without information sufficient upon which to form a belief and, therefore, leaves plaintiff to its proofs.

6. Claimant denies the allegations contained in ¶6 of the Complaint for the reason that they are untrue.

7. Claimant neither admits nor denies each of the allegations contained in sub-paragraphs a–j for the reason that it is without information sufficient upon which to form a belief and, therefore, leaves plaintiff to its proofs. By way of further answer, claimant states that even if the allegations contained in sub-paragraphs a–j are true, they fail to support the evidentiary determination that defendant property is subject to forfeiture.

Wherefore, Claimant, CNP Akama respectfully requests this Honorable Court to dismiss the in rem forfeiture action against the defendant property and enter an order for return of said

property to claimant forthwith and further assess costs and expenses incurred in having to defend the instant action.

          Respectfully submitted,

          Hertz Schram PC
          Attorneys for Claimant


          /s/ Michael J. Rex
          1760 S. Telegraph, Suite 300
          Bloomfield Hills, MI 48302-0183
          (248) 335-5000
          mrex@hertzschram.com
          (P35753)


## **AFFIRMATIVE DEFENSES**

Claimant sets forth the following affirmative defenses to Plaintiff's Complaint for Forfeiture in Rem:

1. Plaintiff lacks probable cause to initiate this Forfeiture Complaint and lacked probable cause for the seizure and arrest warrant in rem.

2. Plaintiff's Forfeiture Complaint and the seizure of property were based on unreasonable, and therefore, illegal searches and seizures, proscribed by the Fourth Amendment to the United States Constitution.

3. Claimant hereby reserves the right to amend its answer to further expand on it and

3

to incorporate affirmative defenses as they become apparent to claimant during the course of discovery.

Respectfully submitted,

Hertz Schram PC
Attorneys for Claimant

/s/ Michael J. Rex
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
mrex@hertzschram.com
(P35753)

## RELIANCE ON PLAINTIFF'S JURY DEMAND

Claimant, CNP Akama Ventures ("CNP") through its attorneys, Hertz Schram P.C., by Michael J. Rex, hereby relied upon Plaintiff's Jury Demand.

Respectfully submitted,

Hertz Schram PC
Attorneys for Claimant

/s/ Michael J. Rex
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
mrex@hertzschram.com
(P35753)

I hereby certify that on October 30, 2009, I electronically filed the foregoing Claimant's answer to Compliant for Forfeiture in Rem, Affirmative Defenses and Reliance on Plaintiff's Jury

4

Demand with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Julia Caroff Pidgeon.

                    Respectfully submitted,

                    Hertz Schram PC
                    Attorneys for Claimant

                    /s/ Michael J. Rex
                    1760 S. Telegraph, Suite 300
                    Bloomfield Hills, MI 48302-0183
                    (248) 335-5000
                    mrex@hertzschram.com
                    (P35753)