UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                  Case No. 09-cv-13564
                                         The Hon. Bernard A. Friedman

THREE HUNDRED SIXTY FIVE
  THOUSAND FOUR HUNDRED
  FORTY DOLLARS ($365,440.00)
  IN UNITED STATES CURRENCY,

    Defendant.

_____/

JULIA CAROFF PIDGEON
United States Assistant Attorney
Attorney for Plaintiff
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226-9500
julia.pidgeon@usdoj.gov

LAW OFFICE OF ARLENE F. WOODS, P.C.
By:    Arlene F. Woods
       Attorney for Intervenor Williams
       26677 W. Twelve Mile Road
       Southfield, Michigan 48034
       (248) 357-0847
       arlenep40039@aol.com
       P40039
_____/

## **NOTICE OF HEARING**

TO:    **ALL COUNSEL OF RECORD**

      PLEASE take notice that the attached Motion will be brought on for hearing before The Hon. Bernard A. Friedman, in his courtroom located in the Federal Building, 231 W. Lafayette, Detroit, Michigan on a date and at a time to be set by the Court.

You are invited to attend.

        Respectfully submitted,

        /s/ Arlene F. Woods_____
        LAW OFFICE OF ARLENE F. WOODS, P.C.
        By:    Arlene F. Woods
                Attorney for Intervenor WILLIAMS
                26677 W. Twelve Mile Road
                Southfield, Michigan 48034
                (248) 357-0847
                P 40039

Dated: May 30, 2014                arlenep40039@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                         Case No. 09-cv-13564
                                                                                            The Hon. Bernard A. Friedman
THREE HUNDRED SIXTY FIVE
 THOUSAND FOUR HUNDRED
 FORTY DOLLARS ($365,440.00)
 IN UNITED STATES CURRENCY,

       Defendant.

_____/

JULIA CAROFF PIDGEON
United States Assistant Attorney
Attorney for Plaintiff
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226-9500
julia.pidgeon@usdoj.gov

LAW OFFICE OF ARLENE F. WOODS, P.C.
By:   Arlene F. Woods
       Attorney for Intervenor Williams
       26677 W. Twelve Mile Road
       Southfield, Michigan 48034
       (248) 357-0847
       arlenep40039@aol.com
       P40039
_____/

## **MOTION TO INTERVENE**

      NOW COME the above-named MICHAEL WILLIAMS (hereinafter referred to as "Williams") by and through his attorney, ARLENE F. WOODS, and moves to intervene in the above-captioned litigation as a matter of right pursuant to Rule 24(a) of the Fed. R. of Civ. Pro. or, in the alternative, pursuant to Rule 24(b) request that the Court grant him permissive intervention.  In support of said motion, WILLIAMS state the following:

1. That on or about April 14, 2008 MICHAEL WILLIAMS entered into a contract with HMMG, LLC, a Michigan limited liability corporation. Mark Apsey was the managing partner of HMMG and executed a Promissory Note providing for repayment of Seventy Thousand ($70,000.00) **(See Exhibit A)**

2. Payment on the promissory note was due on May 1, 2009. **(See Exhibit A)**

3. WILLIAMS instituted legal action in the Wayne County Circuit Court, in the matter of Williams v. Apsey, case number 09-024611-CK; however, due to the fact that Apsey could not be located, the lawsuit was dismissed. **(See Exhibit B)**

4. In 2014 in an effort to locate Apsey, WILLIAMS, retained the services of a private investigator, James W. Lant Investigation Services, tracked Apsey to his present location in Bloomfield Hills. It was also during this time that WILLILAMS, learned that Apsey had a number of lawsuits pending against him, and as well had been indicted in the United States District Court in case number 12-CR-20545. When this information was provided to WILLIAMS attorney, it was learned that the within action had been instituted in 2009; the same month that Apsey borrowed the money from WILLIAMS.

5. The monies loaned to Apsey came from WILLIAMS' inheritance upon his grandfather's death. Moreover, Apsey never indicated that he had any funds which were the subject of a seizure.

6. WILLIAMS is justly concerned that if he will be irreparably damaged in that APSEY is apparently going to prison and therefore, WILLILAMS will never obtain repayment of his monies.

7. Intervention in this proceeding is the only method that WILLIAMS has to ever obtain his funds. Apsey has been sued several times and currently owes a judgment the Oakland County Circuit Court in case number 2011-123239-CK before the Honorable Leo Bowman. **(See Exhibit C)**

8. Counsel for WILLIAMS submits that pursuant to Loc. Rule 7, she sought concurrence in this motion and received no response.

**WHEREFORE**, as will be discussed further herein, WILLIAMS, moves that he be allowed to intervene in the forfeiture proceeding herein.

                              Respectfully submitted,

                              /s/ Arlene F. Woods_____
                              LAW OFFICES OF ARLENE F. WOODS
                              By:    Arlene F. Woods
                                      Attorney for Intervenor Williams
                                      26677 W. Twelve Mile Road
                                      Southfield, Michigan 48034
                                      (248) 357-0847
                                      P 40039

Dated:  May 30, 2014                 arlenep40039@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Case No. 09-cv-13564
                                                The Hon. Bernard A. Friedman

THREE HUNDRED SIXTY FIVE
  THOUSAND FOUR HUNDRED
  FORTY DOLLARS ($365,440.00)
  IN UNITED STATES CURRENCY,

    Defendant.

_____/
JULIA CAROFF PIDGEON
United States Assistant Attorney
Attorney for Plaintiff
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226-9500
julia.pidgeon@usdoj.gov

LAW OFFICE OF ARLENE F. WOODS, P.C.
By:    Arlene F. Woods
        Attorney for Intervenor Williams
        26677 W. Twelve Mile Road
        Southfield, Michigan 48034
        (248) 357-0847
        arlenep40039@aol.com
        P40039
_____/

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

### **Facts**

      In 2008, Michael Williams founded Michael Williams Equity.  During this time, he met Mark Apsey.  Williams, having just received an inheritance from his deceased grandfather and formed "Williams Equity."  Apsey was also involved with Hometown Magazine Media Group, LLC "hereinafter referred to as "HMMG") and CNP International, LLC along with Deanna Zontini who was the owner of Hometown Living Magazine, LLC.  As it turned out Zontini was actually a girlfriend of Apsey.  CNP was established as the Managing Member with Deanna Zontini, who was a member.  As a result of

Zontini's misuse and mismanagement of the business resulted in business losses in excess of $100,000.00. Aspey advised Mr. Williams that he needed to raise funds through the addition of capital and sought a loan from Williams. In exchange, Mr. Williams was to be provided interest in CNP. Mr. Williams provided $70,000.00 which Apsey secured with a Promissory Note, however, Apsey never provided any equity interest to Williams in CNP International, LLC. Apsey signed a Promissory Note for the repayment of the funds obtained from Williams and was to repay the money on May 1, 2009. Of course, Apsey never repaid the loan, changed his phone numbers, moved several times and otherwise disappeared.

When all attempts to sue Apsey failed because he could not be located, Mr. Williams hired a private investigative firm which located Apsey. By that time, it was learned that Apsey had been indicted and was facing prison time, had an outstanding judgment against him in Oakland County, and had the funds which form the basis of this forfeiture proceeding seized. Williams seeks to intervene in the forfeiture case as he has a substantial interest in the proceeding, had no knowledge of the proceeding until just recently and has no other chance to obtain the funds owed to him through any other venue.

## Argument

### I. Standard for Intervention as of Right

Fed. R. of Civ. Pro. 24 governs intervention in the federal courts. Rule 24(a) governs intervention as of right. Rule 24 (a) provides

> Upon timely application anyone shall be permitted to intervene in an action:
> (1) when a statute of the United States confers an unconditional right to intervene;
> or (2) when the applicant claims an interest relating to the property or
> transaction which is the subject of the action and the applicant is so situated
> that the disposition of the action may as a practical matter impair or impede the
> applicant's ability to protect that interest, unless the applicant's interest is
> adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A party seeking to intervene as of right must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4)

2

inadequate representation of that interest by parties already before the court." *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (internal quotation marks and citations omitted); see also, *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Each of these four requirements must be satisfied to support a right to intervene. *Arakaki*, 324 F.3d at 1083

The Court must first determine whether the motion to intervene is timely. The Court considers five factors in evaluating timeliness under Rule 24: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) quoting *Grubbs v. Norris*, 870 F.2nd 343, 345 (6th Cir. 1989) The Sixth Circuit has made clear that the rules governing intervention are to be construed broadly in favor of the applicants. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1246 (6th Cir. 1997) (citations omitted.

**A. Timeliness**

As an initial matter, Mr. Williams had no interest in this matter until Apsey defaulted on the loan. At that point, had he known about the seizure, he could have and would have filed his interest in the funds. Mr. Williams has been attempting to sue Apsey concerning the default on the Promissory Note since 2009 without success because Apsey relocated without any forwarding address and disconnected his phone. It was only after Williams retained the services of a private investigator that he was able to locate Apsey. It was only one week prior to the filing of this motion that Williams found out that Apsey had been criminally indicted and that there had been a seizure of a substantial amount of his funds in 2009, not so coincidentally, the same month that the funds were seized by the Government, Apsey borrowed the $70,000.00 from Williams. While the seizure

3

occurred in 2009, the agreement to forfeit the money to the Government only took place on May 6, 2014. Williams and his attorney only found out about the indictment on May 26, 2014.

Apsey took advantage of Mr. Williams who is a young man upon finding out that he had come into a substantial inheritance. Apsey borrowed the money knowing of the seizure but withheld that information from Mr. Williams. It is clear from all of the steps that Apsey took to hide himself from Mr. Williams that he had no intention of ever repaying the loan, but most likely utilized the funds he obtained from Mr. Williams to further his criminal activity. While the Government will no doubt argue that notice of the forfeiture was posted on the government's forfeiture web site. That web site would not have put Mr. Williams on notice that this forfeiture was associated with Apsey. It must be remembered that the money was seized from an Adam Samuel Tracy. The notice on the forfeiture web site only identified the seized currency. It did not in any way identify Apsey. Further, this matter was stayed until 2013 when the case was transferred to this Honorable Court and following Apsey's indictment. Therefore, until uncovering the indictment, Mr. Williams would have had no way to know that the seized funds had anything to do with Apsey.

### B.  Substantial Legal Interest in the Case

The Sixth Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of rights acknowledging that the "interest" is to be construed liberally. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). The Government seizure of the money is undoubtedly to protect the interest of the people of the United States and to deter illegal activity however; the Governments interest should not outweigh the interest of Mr. Williams. Mr. Williams has a strong property interest in the seized funds. Apsey has no other property interest in anything from which Mr. Williams could possibly recover his funds. Apsey is facing a lengthy prison sentence and will have fines and penalties to pay upon his release. His employment prospects are slim to none upon his release from prison as he is now a convicted felon. He has already been sued in the Oakland County Circuit Court

4

and has a judgment outstanding against him from that lawsuit which has not been satisfied. The Sixth Circuit Court of Appeals in *Davis v. Lifetime Capital, Inc.*, 2014 U.S. App Lexis 5214; 2014 Fed App 0205N (6th Cir. 2014) noted that to "satisfy the impairment element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal. The possibility that a third party may be precluded from ever recovering its property is without question an impairment of the party's ability to protect its interests."

    C.    **<u>Inadequate Representation of Interests by Parties Already before the Court</u>**

It is well-settled that applicants for intervention "bear the burden of proving that they are inadequately represented by a party to the suit. See, *United States v. Michigan*, 424 F3d 438, 443 (6th Cir. 2005) (citing *Meyer Goldberg, Inc., v. Goldberg*, 717 F.2d 290, 293 (6th Cir., 1983) While this burden has been described as minimal because applicants must only show that the representation may be inadequate. The United States Supreme Court has emphasized that the requirement of impairment of a legally protected interest is a minimal one: the requirement is met if the applicant shows "that representation of his interest may be inadequate. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d at 999 at 1007 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 1972)

The Government is now in possession of the funds and Apsey has agreed to forfeit the funds. The Government and Mr. Williams do not share the same ultimate objective in this forfeiture. Apsey and Mr. Williams do not share the same objective. Apsey is going to prison for a substantial period of time, during which time, he will be immune from Mr. Williams moving forward on his lawsuit. Moreover, Apsey has not proprietary interest in any property that Mr. Williams could seek restitution from given all of his legal problems and judgments which are outstanding. Simply stated, this money is the last chance that Mr. Williams has to ever recover the money that Apsey basically stole from

5

him. Apsey had no intention of repaying the money, his business appears to have been a complete sham, and based on the fact that he evaded all attempts by Mr. Williams to locate and sue him, it is clear that all Apsey was attempting to do was replenish in any manner he could the founds seized by the Government. Mr. Williams did nothing wrong save trusting Apsey and as a result Mr. Williams lost a substantial inheritance.

### D.     Impairment of Interest absent Intervention

.      The Sixth Circuit Court has acknowledged that potential *stare decisis* effects can be a sufficient basis for finding an impairment of interest. *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (1992)  See also *Gertz v. JVC Amercas Corp.*, 339 B.R. 454, 457 (N.D., Ohio 2006) Further, where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply the disadvantage which warrants intervention as of right. *Chiles. v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir., 1989)

Mr. Williams submits that his claim is supported by law. Apsey has agreed to the forfeiture of the seized funds to the detriment of Mr. Williams. The precedential effects of Apsey's actions will no doubt impair Mr. Williams' efforts to successfully recover on any judgment that he receives in his state court case. Clearly neither the Government nor Apsey have any interest in seeing that Mr. Williams is paid. Apsey has shown that he has no interest in paying Mr. Williams, when he obtained money from Mr. Williams on a false and misleading pretense. Again, Apsey obtained this loan on the pretense of establishing a business with Mr. Williams, when in fact, according to the Complaint for Forfeiture, the money had been seized from Adam Tracey the same month that Apsey borrowed the money from Mr. Williams. The Government certainly has no interest in seeing that Mr. Williams gets any of his money back as a result of the "loan" to Apsey, as they are not a party to that transaction.
Mr. Williams has an interest in the seized money, as those funds represent the only property to which Apsey has an interest which would allow Mr. Williams to ever recoup any of his funds.   To refuse his

6

intervention essentially means that Mr. Williams will have lost his financial investment and will have no way to recover any judgment from Apsey.

## II. Permissive Intervention

Mr. Williams alternatively seeks permissive intervention. In that regard, Fed. R. Civ. Pro. 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for gound of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). To intervene permissively a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. *United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005) If the proposed intervenor satisfies these requirements, the court "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Mich.* at 445. In the instant case the Government, which is the plaintiff in the forfeiture case, had standing to sue for the seized funds pursuant to the federal forfeiture statutes. In *Providence Baptist Church v. Hillandale Comm. Ltd., 425 F.3d 309, 315 (6th Cir. 2005)*, the Court stated that an intervenor is not required to have the same standing necessary to initiate a lawsuit. Nor is the intervenor required to have Article III constitutional standing. *Davis v. Lifetime Capital, Inc.*, 2014 U.S. App 2014 U.S. App. Lexis 5214; 2014 Fed App. 0205N (6th Cir. 2014)

As has been indicated, Mr. Williams only found out about the forfeiture by virtue of acquiring information from the private investigator which lead to the discovery of the Rule 11 Plea Agreement executed by Apsey on May 26, 2014. While the forfeiture case has been pending since 2009, it was stayed until 2013, and Apsey just agreed on May 6, 2014 to the forfeiture. Based on the inability of

7

Mr. Williams to ascertain anything about this seizure in 2009 when it occurred or anytime in between, Apsey moving around, changing phone numbers causing Mr. Williams to lose contact with Apsey, this is the first time that Mr. Williams had an opportunity to attempt to recover any of his funds. Further, there is no prejudice to Apsey as he has agreed to the forfeiture. There is no prejudice to the Government as it still can maintain a substantial sum of the seized funds. The only prejudice is to Mr. Williams, who will have no other way to recover any of his funds which Apsey obtained using false pretenses.

## Conclusion

A party seeking to intervene as of right must establish four elements: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. Mr. Williams meets all of these requirements. In the alternative, Mr. Williams should be allowed permissive intervention. Mr. Williams only found out about the forfeiture by virtue of acquiring information from the private investigator which lead to the discovery of the Rule 11 Plea Agreement executed by Apsey on May 26, 2014. Apsey is going to prison, has a judgment outstanding against him already, will have fines and penalties to pay upon his release from prison. These seized funds represent the only way that Mr. Williams has to obtain any of the funds Apsey borrowed from him, under the pretense of entering into a business venture. Mr. Williams has been just as aggrieved by Apsey illegal activities as have the people of the United States. Intervention is the only means of redress that Mr. Williams has at this point due to Apsey's illegal conduct.

## Relief Requested

Wherefore, Mr. Williams moves that this Honorable Court allow him to intervene in the forfeiture proceeding to the extent of the loaned amount so that if he recovers in the Oakland County Circuit Court he will have an avenue within which to recover on his judgment.

        Respectfully submitted,

        /s/ Arlene F. Woods_____
        LAW OFFICES OF ARLENE F. WOODS
        By:   Arlene F. Woods
               Attorney for Intervenor Williams
               26677 W. Twelve Mile Road
               Southfield, Michigan 48034
               (248) 357-0847
               P 40039

Dated: May 30, 2014        arlenep40039@aol.com

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THREE HUNDRED SIXTY FIVE
THOUSAND FOUR HUNDRED
FORTY DOLLARS ($365,440.00)
IN UNITED STATES CURRENCY,

    Defendant.

Case No. 09-cv-13564
The Hon. Bernard A. Friedman

_____/
JULIA CAROFF PIDGEON
United States Assistant Attorney
Attorney for Plaintiff
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9500
julia.pidgeon@usdoj.gov

LAW OFFICE OF ARLENE F. WOODS, P.C.
By:   Arlene F. Woods
       Attorney for Intervenor Williams
       26677 W. Twelve Mile Road
       Southfield, Michigan 48034
       (248) 357-0847
       arlenep40039@aol.com
       P40039
_____/

## AFFIDAVIT IN SUPPORT OF MOTION TO INTERVENE

State of Michigan      )
                            )
County of Oakland    )

    ARLENE F. WOODS, being first duly sworn, deposes and states that the foregoing Motion by her subscribed has a basis in fact and law and is not imposed for an improper purpose; the affiant further states that the matters set forth in the Motion and accompanying Memorandum of Law are true based on information and belief, and if called to testify as to said matters, she can truthfully so testify.

Further, affiant sayeth not.

/s/ Arlene F. Woods_____
ARLENE F. WOODS

Subscribed and sworn to before me
this 3rd day of May, 2014

/s/ Geralyn Lawrence_____
NOTARY PUBLIC, OAKLAND, COUNTY

Commission Expiration: April 5, 2015_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                                                Case No. 09-cv-13564
                                                            The Hon. Bernard A. Friedman

THREE HUNDRED SIXTY FIVE
 THOUSAND FOUR HUNDRED
 FORTY DOLLARS ($365,440.00)
 IN UNITED STATES CURRENCY,

        Defendant.
_____/

UNITED STATES ATTORNEYS OFFICE
By:    Julia Caroff Pidgeon
        Assistant United States Attorney
        Attorney for Plaintiff
        211 W. Fort Street, Ste. 2001
        Detroit, Michigan  48226
        (313) 226-9500
        julia.pidgeon@usdoj.gov

LAW OFFICE OF ARLENE F. WOODS, P.C.
By:    Arlene F. Woods
        Attorney for Intervenor Williams
        26677 W. Twelve Mile Road
        Southfield, Michigan 48034
        (248) 357-0847
        arlenep40039@aol.com
        P40039
_____/

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify, subject to penalty of perjury that on the 3rd day of May, 2014 she served (1) Notice of Hearing; (2) Motion to Intervene; (3) Exhibits; (4) Memorandum of Law in Support of Motion to Intervene; (5) Affidavit in Support of Motion to Intervene; and (6) Certificate of Service on:

| | |
|---|---|
| Julia Caroff Pidgeon<br>Assistant United States Attorney<br>Attorney for Plaintiff<br>211 W. Fort Street, Ste. 2001<br>Detroit, Michigan  48226 | Stephen T. Rabaut<br>Attorney for Defendant Apsey<br>42700 Schoenherr Road, Ste. 3,<br>Sterling Heights, Michigan 48313<br><br>Michael J. Rex<br>Hertz, Schram<br>1760 Telegraph Road, Ste. 300<br>Bloomfield Hills,  Michigan  48302 |

by placing said documents in a United State Post Office receptacle with sufficient first class postage affixed thereto.

        /s/ Darlene McFarland
        DARLENE MCFARLAND